IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diana Patricia Moreno, as Administrator of the Estate of Jesus Hernando Patiño Moreno<br><br>Plaintiff,<br><br>v.<br><br>Defendants Does 1-10<br><br>Defendants. | Case No. 23-CV-04827<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Diana Patricia Moreno, as Administrator of the Estate of Jesus Hernando Patiño Moreno ("Jesus Patiño"), by and through her attorneys, Loevy & Loevy, complains against Defendants Does 1-10, and states as follows:

**Introduction**

1. Jesus Hernando Patiño Moreno was a young man being held for trial in the Philadelphia Department of Prisons ("PDP"). Shortly after he was incarcerated, Jesus submitted multiple Sick Call requests to see prison medical personnel because he had severe abdominal pain, so serious he could not eat and caused him severe constipation. Over and over again in the next few weeks, Jesus submitted multiple Sick Call requests to prison medical personnel explaining that he was suffering from severe, recurring pain. All these requests were ignored.

2. Finally, when Jesus was gaunt with weight loss and was so weak that it was hard for him to walk, the medical personnel accepted his Sick Call request and sent him to a local emergency room. Outside medical staff promptly diagnosed him with intestinal cancer. During the time that the prison staff and medical staff had ignored Jesus' condition, the cancer had

metastasized, to the point that it was untreatable. Despite the efforts of outside medical providers, Jesus succumbed to the cancer and died in November 2022.

3. Through this action Plaintiff Diana Moreno, Jesus' mother, and the administrator of his estate, seeks to hold the Defendants accountable for their indifference to Jesus' serious medical needs and for his resulting death.

## Jurisdiction and Venue

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). A substantial portion of the events giving rise to the claims asserted herein occurred within this district.

## Parties

6. Diana P. Moreno is the mother of Jesus Patiño, the decedent in this case. An application to appoint Ms. Moreno as Administrator of the Estate of Jesus Patiño has been filed with the Office of the Register of Wills of Philadelphia. She resides in Pennsylvania.

7. Jesus Hernando Patiño, the decedent in this case, was born on ███████████. He died on November 8, 2022, a few weeks after he turned 27. Until April 2022, Jesus was in the custody of the Philadelphia Department of Prisons ("PDP") and was incarcerated at the Detention Center ("DC") and Curran-Fromhold Correctional Facility ("CFCF").

8. Defendant Does 1 through 10 are correctional and/or medical staff working as employees or contractors of the PDP. They are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these defendants when their identities have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that these fictitiously-named defendants are responsible in some manner for the misconduct alleged herein.

**Allegations**

9. Jesus Hernando Patiño Moreno came from a tight-knit family in Philadelphia, Pennsylvania. He lived with his mother and was the father of a young daughter.

10. In August of 2021, Jesus entered the PDP to await trial.

11. Soon after entering the PDP's custody at CFCF, Jesus began to experience feelings of stabbing abdominal pain and vomiting.

12. He also experienced extreme difficulty defecating, and when he was finally able to defecate, he experienced searing pain.

13. He also could feel that there was a mass in his stomach, which he could sense when he pressed down with his hands.

14. Each of these symptoms is a potential sign of multiple serious medical conditions, including cancer.

15. Jesus filed multiple written requests on forms provided in the prison describing these symptoms and asking to be seen by medical staff, but one or more of Defendant Does 1-10, who were responsible for addressing such requests, ignored them, and did not send Jesus to medical staff to determine the causes of his symptoms.

16. During this time Jesus also began to experience visible weight loss and became lethargic. These symptoms are a sign of multiple serious medical conditions, including cancer.

17. Even though Jesus had visible lethargy and weight loss, one or more of Defendant Does 1-10, who would have been able to perceive the weight loss over time, did not have Jesus sent to medical staff for an evaluation.

18. Finally, in January 2022, prison staff took Jesus to the prison infirmary.

19. At the prison infirmary, blood exams were performed and produced abnormal results.

20.   On January 26, 2022, Jesus was transferred to the Thomas Jefferson Health ("TJH").  Medical staff at TJH performed CT scanning on Jesus, and detected a 9x6½-inch (23x17cm) mass in his lower abdomen and pelvis.

21.   Further testing determined that the mass was an epithelioid malignancy.

22.   Outside doctors worked aggressively to treat Jesus' cancer, but because the cancer had progressed and metastasized to the point that it was impossible to treat effectively.

23.   Jesus struggled against the cancer, but he succumbed to the disease and died on November 8, 2022.

24.   Had his cancer been identified earlier, at the time Jesus was making requests to see medical staff and exhibiting signs of weight loss and fatigue, his prognosis would have been better and he would have lived longer.

## COUNT I
## 42 U.S.C. § 1983 – Denial of Medical Care (Fourteenth Amendment)
## All Defendants

25.   Each of the Paragraphs of this Complaint is incorporated herein.

26.   In the manner described more fully above, Defendant Does 1-10 were aware of Jesus Patiño's medical needs and the seriousness of his medical needs and knew the risk of harm to Mr. Patiño if he did not receive appropriate medical care, including diagnosis. Despite that knowledge, Defendants failed to provide him with proper medical care or access to medical care, in violation of the Fourteenth Amendment to the United States Constitution.

27.   As a result of Defendants' unjustified and unconstitutional conduct, Mr. Patiño experienced injuries, including but not limited to pain, suffering, emotional distress, and death.

28.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and/or with reckless indifference to Mr. Patiño's rights.

Case 2:23-cv-04827-NIQA   Document 1   Filed 12/07/23   Page 5 of 7

29. Alternatively, Defendants were deliberately indifferent to Mr. Patiño's objectively serious medical needs, and their actions were undertaken intentionally, with malice, and/or reckless indifference to Mr. Patiño's rights.

30. Mr. Patiño's injuries, including but not limited to pain and suffering, emotional distress, and death were proximately caused by policies and practices of Defendants.

## COUNT II
### State Law Claim – Wrongful Death
### All Defendants

31. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

32. In the manner more fully described above, the actions of the Defendants breached the duty of care owed to inmates in their care. They did so by negligently ignoring Mr. Patiño's request for medical attention.

33. Alternatively, the actions of the Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

34. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Mr. Patiño suffered injuries, including death.

35. Defendants' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

36. Defendants' actions proximately caused Mr. Patiño great bodily harm and death, as well as great pain and suffering.

37. On behalf of all legally recognized family members, Plaintiff claims damages for the wrongful death of Mr. Patiño, and for the loss of his services, protection, care, future income,

5

assistance, society, companionship, comfort, guidance, counsel and advice, and for the mental anguish caused by this loss, as well as for funeral expenses.

## COUNT III
### State Law Claim – Survival Action
### All Defendants

38. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

39. In the manner more fully described above, the actions of the Defendants breached the duty of care owed to inmates in their care. They did so by ignoring Mr. Patiño's request for medical attention.

40. Alternatively, the actions of Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

41. The misconduct described in this Count was undertaken with intentional disregard of Mr. Patiño's rights.

42. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Mr. Patiño suffered great conscious pain and suffering prior to his death.

43. Mr. Patiño filed no action during his lifetime, but under the law of the State of Pennsylvania, this action survives and may be asserted by his Estate.

44. Plaintiff Diana Moreno, on behalf of the Estate of Jesus Patiño, claims damages for the conscious pain and suffering of Mr. Patiño.

**JURY DEMAND**

Plaintiff Diana Patricia Moreno hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

Dated: December 7, 2023

Respectfully submitted,

*/s/* Carla Agbiro
Carla Agbiro
PA Bar # 329472
*One of Plaintiff's Attorneys*

Carla Agbiro
Jon Loevy*
Stephen Weil*
LOEVY + LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
agbiro@loevy.
*application to appear pro hac vice forthcoming*