IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diana Patricia Moreno, as Administrator of the Estate of Jesus Hernando Patiño Moreno | Case No. 23-CV-4827 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| Defendants Does 1-10, Amina Smith, Evelyn Moore, Corizon Health, Inc., YesCare Corp., and the City of Philadelphia, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**[1]

Plaintiff Diana Patricia Moreno, as Administrator of the Estate of Jesus Hernando Patiño Moreno ("Jesus Patiño"), by and through her attorneys, Loevy & Loevy, complains against Defendants Does 1-10, and/or Amina Smith or Evelyn Moore, Corizon Health, Inc. ("Corizon"), YesCare Corp. ("YesCare"), and the County of Philadelphia and states as follows:

**Introduction**

1.    Jesus Hernando Patiño Moreno was a young man being held for trial in the Philadelphia Department of Prisons ("PDP"), which is operated by defendant City of Philadelphia. Shortly after he was incarcerated, Jesus submitted multiple Sick Call requests to see prison medical personnel, who were employed by Defendant Corizon, Inc, because he had severe abdominal pain, so serious he could not eat and caused him severe constipation. Over and over again in the next few weeks, Jesus submitted multiple Sick Call requests to prison medical

---

[1] Amending pursuant to Federal Rule of Civil Procedure 15(a)(1)

personnel explaining that he was suffering from severe, recurring pain.  All these requests were ignored.

2. Finally, when Jesus was gaunt with weight loss and was so weak that it was hard for him to walk, the medical personnel accepted his Sick Call request and sent him to a local emergency room. Outside medical staff promptly diagnosed him with intestinal cancer. During the time that the prison medical staff had ignored Jesus' condition, the cancer had grown exponentially, to the point that it was untreatable. Despite the efforts of outside medical providers, Jesus succumbed to the cancer and died in November 2022.

3. Through this action Plaintiff Diana Moreno, Jesus' mother and the administrator of his estate, seeks to hold the Defendants accountable for their indifference to Jesus' serious medical needs and for his resulting death.

**Jurisdiction and Venue**

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). A substantial portion of the events giving rise to the claims asserted herein occurred within this district.

**Parties**

6. Diana P. Moreno is the mother of Jesus Patiño, the decedent in this case. Ms. Moreno is the putative administrator of the estate. An application to appoint her as Administrator of the Estate of Jesus Patiño has been filed with the Office of the Register of Wills of Philadelphia. She resides in Pennsylvania.

7. Jesus Hernando Patiño, the decedent in this case, was born on September 26, 1995.  He died on November 8, 2022, a few weeks after he turned 27. Until April 2022, Jesus

was in the custody of the Philadelphia Department of Prisons ("PDP") and was incarcerated at the Detention Center ("DC") and Curran-Fromhold Correctional Facility ("CFCF").

8. Defendant Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these defendants when their identities have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that these fictitiously-named defendants are responsible in some manner for the misconduct alleged herein.

9. Defendant Amina Smith is a female social worker who, on information and belief, was assigned to Mr. Patiño at the jail and saw him regularly in 2021-2022 while he was incarcerated. At all times relevant to the events at issue in this complaint, this defendant was acting within the scope of her employment.

10. Defendant Evelyn Moore is a female social worker who, on information and belief, was assigned to Mr. Patiño at the jail and saw him regularly in 2021-2022 while he was incarcerated. At all times relevant to the events at issue in this complaint, this defendant was acting within the scope of her employment.

11. On information and belief, Corizon and/or YesCare was the employer of Defendant Smith and/or Defendant Moore, the social worker who saw Mr. Patiño.

12. Alternatively, on information and belief, Defendant Smith and/or Defendant Moore was employed by the County of Philadelphia ("Philadelphia County").

**Allegations**

13. Jesus Hernando Patiño Moreno came from a tight-knit family in Philadelphia, Pennsylvania. He lived with his mother and was the father of a young daughter.

14. In August of 2021, Jesus entered the PDP to await trial.

15. Soon after entering the PDP's custody at CFCF, Jesus began to experience feelings of stabbing abdominal pain, and vomiting.

16. He experienced extreme difficulty defecating, and, when he was finally able to defecate, he experienced searing pain.

17. He also could feel that there was a mass in his stomach, which he could sense when he pressed down with his hands.

18. Each of these symptoms is a potential sign of multiple serious medical conditions, including cancer.

19. Jesus filed multiple written requests on forms provided in the prison describing these symptoms and asking to be seen by medical staff or his social worker, but one or more of Defendant Does 1-10 and/or Defendant Smith or Defendant Moore, who were responsible for addressing such requests, ignored them, and did not send Jesus to the appropriate staff member to determine the causes of his symptoms.

20. During this time Jesus also began to experience visible weight loss and became lethargic. These symptoms are a sign of multiple serious medical conditions, including cancer.

21. Even though Jesus had visible lethargy and weight loss, one or more of Defendant Does 1-10 and/or Defendant Smith or Defendant Moore, who would have been able to perceive the weight loss over time, did not have Jesus sent to medical staff for an evaluation.

22. Finally, in January 2022, prison staff took Jesus to the prison infirmary.

23. At the prison infirmary, blood exams were performed and produced abnormal results.

24. On January 26, 2022, Jesus was transferred to the Thomas Jefferson Health ("TJH"). Medical staff at TJH performed CT scanning on Jesus and detected a 9x6½-inch (23x17cm) mass in his lower abdomen and pelvis.

25. Further testing determined that the mass was an epithelioid malignancy.

26. Outside doctors worked aggressively to treat Jesus' cancer, but because the cancer had progressed for so long it was impossible to treat it effectively.

27. Jesus struggled against the cancer, but he succumbed to the disease and died on November 8, 2022.

28. Had his cancer been identified earlier at the time Jesus was making requests to see medical staff and exhibiting signs of weight loss and fatigue, his prognosis would have been better and he would have lived longer.

29. Prior to and during the events giving rise to Plaintiff's Complaint, Corizon, YesCare, and/or the City of Philadelphia maintained practices or processes pursuant to which detainees like Mr. Patiño with serious medical needs were routinely denied medical care and access to medical care.

30. Specifically, there exist policies and widespread practices within the facilities at which Corizon, YesCare is contracted to provide medical care, including the City of Philadelphia, pursuant to which detainees receive unconstitutionally inadequate healthcare, including policies and practices pursuant to which (1) staff commonly disregard reports by patients of objectively serious medical needs; (2) staff refuse to provide adequate treatment to patients complaining of serious medical conditions or in need of medications; and (3) staff fail to ensure continuity of care among medical and correctional staff.

31. These policies and practices were allowed to flourish because Corizon, YesCare, and the City of Philadelphia directly encouraged the very type of misconduct at issue in this case, failed to provide adequate training and supervision of employees, and failed to adequately punish and discipline prior instances of similar misconduct. In this way, Corizon, YesCare, and the City of Philadelphia violated Mr. Patiño's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

## COUNT I
## 42 U.S.C. § 1983 – Denial of Medical Care (Fourteenth Amendment)
## All Defendants

32. Each of the Paragraphs of this Complaint is incorporated herein.

33. In the manner described more fully above, Defendant Does 1-10 and/or Defendant Smith or Defendant Moore were aware of Jesus Patiño's medical needs and the seriousness of his medical needs and knew the risk of harm to Mr. Patiño if he did not receive appropriate medical care, including diagnosis. Despite that knowledge, and pursuant to the policies and practices of Corizon, YesCare, and/or the City of Philadelphia Defendants failed to provide him with proper medical care or access to medical care, in violation of the Fourteenth Amendment to the United States Constitution.

34. As a result of Defendants' unjustified and unconstitutional conduct, Mr. Patiño experienced injuries, including but not limited to pain, suffering, emotional distress, and death.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and/or with reckless indifference to Mr. Patiño's rights.

36. Alternatively, Defendants were deliberately indifferent to Mr. Patiño's objectively serious medical needs, and their actions were undertaken intentionally, with malice, and/or reckless indifference to Mr. Patiño's rights.

37. Mr. Patiño's injuries, including but not limited to pain and suffering, emotional distress, and death were proximately caused by policies and practices of Defendants.

## COUNT II
## State Law Claim – Wrongful Death
## All Defendants

38. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

39. In the manner more fully described above, the actions of the Defendants breached the duty of care owed to inmates in their care. They did so by negligently ignoring Mr. Patiño's request for medical attention.

40. Alternatively, the actions of the Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

41. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Mr. Patiño suffered injuries, including death.

42. Defendants' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

43. Defendants' actions proximately caused Mr. Patiño great bodily harm and death, as well as great pain and suffering.

44. On behalf of all legally recognized family members, Plaintiff claims damages for the wrongful death of Mr. Patiño, and for the loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, and for the mental anguish caused by this loss, as well as for funeral expenses.

## COUNT III
### State Law Claim – Survival Action
### All Defendants

45. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

46. In the manner more fully described above, the actions of the Defendants breached the duty of care owed to inmates in their care. They did so by ignoring Mr. Patiño's request for medical attention.

47. Alternatively, the actions of Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

48. The misconduct described in this Count was undertaken with intentional disregard of Mr. Patiño's rights.

49. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Mr. Patiño suffered great conscious pain and suffering prior to his death.

50. Mr. Patiño filed no action during his lifetime, but under the law of the State of Illinois, this action survives and may be asserted by his Estate.

51. Plaintiff Diana Moreno, on behalf of the Estate of Jesus Patiño, claims damages for the conscious pain and suffering of Mr. Patiño.

## JURY DEMAND

Plaintiff Diana Patricia Moreno hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

|  | Respectfully submitted, |
|---|---|
| Dated: January 23, 2024 | **DIANA PATRICIA MORENO** |
|  | /s/ Carla Agbiro |
|  | *One of Plaintiff's Attorneys* |

Carla Agbiro
Jon Loevy*
Stephen Weil*
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
agbiro@loevy.com
*pro hac vice forthcoming*

9